UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PYPER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OCEANSIDE POLICE DEPT, a public entity; OFFICER C. MARSHALL, an individual; OFFICER J. SEABRON, an individual; OFFICER J. WILSON, an individual; CITY OF OCEANSIDE, a public entity; and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 3:19-cv-1572-BEN-WVG<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. 6] |

Defendants Oceanside Police Department, City of Oceanside, Officer Marshall, Officer Seabron, and Officer Wilson move to dismiss Plaintiff Timothy Pyper's Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants also request the Court take judicial notice of certain documents relating to Plaintiff's arrest. Plaintiff does not oppose the request for judicial notice. For the following reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND

Plaintiff alleges that, on November 22, 2018, he sustained injuries when Defendants used excessive force to arrest him on charges of violating a restraining order and committing vandalism by slashing tires in the City of Oceanside, California. Plaintiff alleges (1) Defendant Officer Marshall used excessive force by punching, shoving, and elbowing Plaintiff, (2) Defendant Officer Seabron used excessive force by shooting him

with a .40 mm sponge impact munition, and (3) Defendant Officer Wilson used excessive force by failing to control a canine under Defendant Officer Wilson's control by allowing the canine to bite Plaintiff's arm for one minute and six seconds, all while trying to arrest him.

The State of California charged Plaintiff with violation of Penal Code § 594(a)(b)(1), felony vandalism, § 166(c)(1), misdemeanor violation of a protective order, and § 148(a)(1), misdemeanor resisting, delaying, or obstructing an officer. On December 12, 2018, the felony charge was dismissed and Plaintiff pleaded guilty to misdemeanor violation of a protective order and resisting, delaying, or obstructing an officer.

## II.   PROCEDURAL HISTORY

Plaintiff brought a Complaint in the Superior Court of California, San Diego County, on July 25, 2019. Defendants removed the case to this Court pursuant to 28 U.S.C. 1441 on August 20, 2019. Plaintiff filed a First Amended Complaint on September 23, 2019. On October 15, 2019, Defendants filed the instant motion to dismiss Plaintiff's First Amended Complaint.

Plaintiff's First Amended Complaint alleges four causes of action:

(1) Violation of Federal Civil Rights (42 U.S.C. § 1983 and 28 U.S.C. § 2679 against Defendant Officers;

(2) Violation of Federal Civil Rights under California's Tom Bane Civil Rights Act against Defendant City of Oceanside and Defendant Officers;

(3) Assault and battery against Defendant City of Oceanside, Defendant Oceanside Police Department, and Defendant Officers; and

(4) Negligence against Defendant City of Oceanside, Defendant Oceanside Police Department, and Defendant Officers.

Defendants' Motion to Dismiss alleges Plaintiff has failed to state a federal claim for which relief can be granted and that Plaintiff has failed to establish any viable state claim.

///

### III.   REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of five documents, one of which is already part of the record, in support of their motion to dismiss. (Doc. 6-2). The four new documents appear to be certified copies of (1) the criminal complaint for case number 393606 against Plaintiff (*Id.* at 4-6), (2) Plaintiff's plea form for case number 393606 (*Id.* at 7-11), (3) the pre-disposition minutes for case number 393606 against Plaintiff (*Id.* at 12-13), and (4) the California Superior Court's Judgment Minutes for case number 393606 (*Id.* at 14-15). Plaintiff does not object to Defendants' request for judicial notice. Because these four documents appear to directly pertain to the matters at issue, the Court takes judicial notice of them. Fed. R. Evid. 201; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court proceedings and filings are properly subject to judicial notice if "those proceedings have a direct relation to the matters at issue.")

### IV. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's First Amended Complaint on several grounds. Some of these Plaintiff disputes, some he does not. The Court first examines the appropriate legal standard.

**A.  Legal Standard**

On a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). To avoid dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court assumes the truth of the facts presented in a plaintiff's complaint and construes inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making any findings of fact, but rather summarizing the relevant allegations of the complaint for purposes of evaluating Defendant's Motion to Dismiss. The complaint is considered in its entirety, "as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B.  Claims Pursuant to 28 U.S.C. § 2679

Plaintiff's First Amended Complaint alleges Defendant Officers committed violations 28 U.S.C. § 2679. (Doc. 4 at 7.) In Defendants' Motion to Dismiss, Defendants correctly note that 28 U.S.C. § 2679 applies only to claims against the federal government. Plaintiff's claims here are against a municipality and municipal officers, not the federal government or its officers. Accordingly, to the extent Plaintiff's claims arise pursuant to 28 U.S.C. § 2679, those claims are **DISMISSED**.

### C.  Claims Pursuant to 42 U.S.C. § 1983

Plaintiff's First Amended Complaint also alleges Defendant Officers violated his civil rights, giving a cause of action pursuant to 42 U.S.C. § 1983. Defendants and Plaintiff agree that these claims arise solely against Defendant Officers, not against Defendant City of Oceanside or Defendant Oceanside Police Department. (Doc. 6-1 at 7-9; Doc. 7 at 5.) Plaintiffs allegations against Defendant Officers pursuant to § 1983 are analyzed below.

#### i.  Plaintiff's Claims are not barred by *Heck*

Defendants argue Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "[w]hen a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence.'" *Hooper v. Cnty. of San Diego*, 629 F. 3d 1127, 1130 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487).

Defendant Officers assert Plaintiff's claim is barred as an impermissible collateral attack on his criminal conviction for violating California Penal Code § 148(a)(1). (Doc. 6-1; at 9-12.) California Penal Code § 148(a)(1) states, "Every person who willfully resists, delays, or obstructs any…peace officer…in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment." Cal. Penal Code § 148(a)(1). It is undisputed that Plaintiff pleaded guilty to violating §148(a)(1), but Defendants and Plaintiff disagree about what conduct constituted the offence.

Plaintiff argues that the conduct to which he pleaded guilty was "delay[ing] a peace officer in the lawful performance of his duties." (Doc. 6-2 at 9.) Plaintiff's First Amended Complaint asserts Plaintiff pleaded guilty for actions he took in delaying police officers before they began the process of arresting him, and that his excessive force claims under § 1983 relate to the conduct of Defendant Officers while they were arresting him. (Doc. 7 at 6-8.) Defendants, by contrast, argue that "[r]egardless of the specific verbiage in Plaintiff's plea agreement…it cannot be disputed that a finding here that Defendants used excessive force directly negates the inherent finding in Plaintiff's conviction for violating Penal Code [§ 148(a)(1)]." (Doc. 8 at 2) (internal citations omitted).

Defendants' assertion is incorrect. Viewing the allegations in the light most favorable to the non-moving party, Plaintiff has sufficiently asserted the factual basis for his guilty plea was separate from the incident for which he now alleges excessive force was used. *See Smith v. City of Hemet*, 394 F.3d 689, 698-699 (9th Cir. 2005). Accordingly, Plaintiff's claims are not *Heck* barred.[1]

---

[1] The Court also notes that because Plaintiff pleaded guilty to violating Penal Code § 148(a)(1), the specific act in the record supporting the factual basis for the conviction is important. *Compare Hooper*,

### ii. Use of Force

Plaintiff alleges Defendant Officers used excessive force to arrest him in several ways violating his Fourth Amendment rights. (Doc. 7 at 12). Defendants argue "the officers' actions were objectively reasonable as a matter of law." (Docs. 6-1 at 14; Doc. 8 at 4.)

Claims for excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures using the framework articulated in *Graham v. Connor*, 490 U.S. 194, 201 (2001). The relevant question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

The Ninth Circuit applies a three-step approach to excessive force claims. *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018). First, the Court "assess[es] the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted." *Id*. Second, the Court "evaluate[s] the government's interest by assessing the severity of the crime; whether the suspect posed an immediate threat to the officers' or public's safety; and whether the suspect was resisting arrest or attempting to escape." *Id*. Third, the Court "balance[s] the gravity of the intrusion on the individual against the government's need for that intrusion." *Id*.

Here, Plaintiff argues Defendant Officer Marshall (1) used a shield to forcibly shove him back into his room, (2) punched Plaintiff with a closed fist, (3) elbowed Plaintiff on his left eyebrow, (4) applied a chokehold to subdue him, and (5) elbowed Plaintiff again on the back of the head while Plaintiff was lying on his stomach. (Doc. 7 at 12). Plaintiff alleges Defendant Officer Seabron shot Plaintiff with a .40 mm sponge impact munition

---

629 F. 3d at 1129 (Not *Heck*-barring a § 1983 claim where Plaintiff pleaded guilty to the underlying violation of Penal Code § 148(a)(1)), *and Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012) (*Heck*-barring a claim where Plaintiff was found guilty by a jury and noting the jury does not determine what specific act or acts form the basis of the conviction). Here, Plaintiff's assertion – supported by Defendants' judicially noticed documents – is that he pleaded guilty only to delaying, not resisting, a peace officer.

while Plaintiff was being bitten by the police canine. (*Id*.) Plaintiff alleges Defendant Officer Wilson allowed the canine, who was allegedly under Defendant Officer Wilson's control, to bite Plaintiff's arm for one minute and six seconds. (*Id*.) Plaintiff's complaint alleges that these acts occurred while he "was unarmed and attempting to surrender" to Defendant Officers, increasing the "severity of the intrusion" on Plaintiff's Fourth Amendment rights. (Doc. 7 at 12.) Defendant Officers respond they were told Plaintiff may have had access to two firearms in the home and that Plaintiff had been non-compliant with previous orders Defendant Officers issued, thereby increasing the threat Plaintiff posed to the officers' safety and demonstrating Plaintiff resisted arrest. (Doc. 8 at 4.)

As discussed above, this is not a formal finding of facts but rather a one-sided view through which a motion to dismiss is decided. Weighing the gravity of the intrusion against the government's need for that intrusion and viewing the as-pleaded allegations most favorably to Plaintiff, a reasonable jury could conclude Defendant Officers used excessive force in this case.

### iii.  Qualified Immunity

Defendants assert that even if excessive force was used, they are entitled to a qualified immunity defense, barring Plaintiff's claims. (Doc. 6-1 at 14-16.) Plaintiff objects to granting Defendant Officers qualified immunity, arguing Defendant Officers used the allegedly "unreasonable force" described above while Plaintiff "did not resist or fight back," and that the right to be free from unreasonable force in such situations is clearly established. (Doc. 7 at 15-16.) In determining whether an officer is entitled to qualified immunity, the court considers (1) whether there has been a violation of a constitutional right, and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009); *C.V. by & through Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016). Both prongs must be present for the officer to be liable; otherwise, he is entitled to immunity.

Here, the Court has already determined that, taking the allegations in the light most favorable to Plaintiff, a reasonable jury could find Defendant Officers violated Plaintiff's

Fourth Amendment rights to be free from the use of excessive force. Thus, the only remaining question is whether this right was clearly established at the time of the violation. Courts look to "whether the state of the law at the time of the official conduct complained of was such as to give the defendants 'fair warning' that [their] conduct was unconstitutional." *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1167 (9th Cir. 2011).

"It is clearly established that the use of excessive force in effecting [an arrest] violates the Fourth Amendment." *Hopkins v. Bonvicino,* 573 F.3d 752, 776 (9th Cir. 2009); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (finding that use of more significant forms of force without first contemplating less violent means are a violation of a person's Fourth Amendment rights). Defendants argue Plaintiff's First Amended Complaint fails to allege facts that the force used by Defendant Officers was excessive, but do not appear to contest that the use of excessive force to effect an arrest is a constitutional violation that has been "clearly established." (Doc. 6-1 at 16.) Following *Hopkins* and *Blankenhorn* and viewing the allegations in favor of Plaintiff, Defendant Officers are not entitled to qualified immunity at this early stage of the proceedings. Qualified immunity may yet be proven at summary judgment or trial.

Accordingly, Defendant Officers motion to dismiss Plaintiff's claims relating to excessive force are **DENIED**.

### iv. Malicious Prosecution

Defendants next argue Plaintiff has failed to allege sufficient facts to establish a § 1983 claim for malicious prosecution. Plaintiff's First Amended Complaint alleges Defendant Officers made false reports and false statements "covering up [the] true facts of interactions with [Plaintiff.]" (Doc 4. at 8.) But "[m]alicious prosecution, by itself, does not constitute a due process violation as a basis for a federal violation." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Moreover, Plaintiff pleaded guilty to the offense and offered no other allegations supporting his conclusory claim of malicious prosecution.

Here, Plaintiff's factual allegations fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, to the extent Plaintiff's claims arise pursuant to malicious prosecution, those claims are **DISMISSED**.

### D. Plaintiff's State Law Claims

Defendants also seek dismissal of Plaintiff's state law claims. Plaintiff opposes Defendants motion to dismiss the state law claims. Each claim is discussed below.

#### i. Tom Bane Civil Rights Act Claims

Plaintiff's second cause of action is for civil rights violations under the Tom Bane Civil Rights Act against Defendant City of Oceanside, Defendant Oceanside Police Department, and Defendant Officers. Plaintiff predicates his Bane Act violation claim against Defendants upon the use of excessive force in violation of the Fourth Amendment.

The Bane Act creates a cause of action when "a person or persons…interfere(s) by threat, intimidation, or coercion…with the exercise or enjoyment by any individual…of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1(a). The Ninth Circuit has held that while "the Bane Act does not require the 'threat, intimidation or coercion" element of a claim to be transactionally independent from the constitutional violation alleged…[the Act] requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (*quoting Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 225 Cal. Rptr. 3d 356, 384 (2017)).

Here, Plaintiff's First Amended Complaint alleges Defendant Officers "interfered with his right to be free of any threats of violence or intimidation…by assaulting and battering him after he made efforts to surrender himself," and that Defendant Officers took these actions when Plaintiff "was unarmed…and [did] not pose[] any reasonable threat to any other person so as to justify the use of excessive, possibly deadly, force against him." (Doc. 4 at 10-11.) Following *Reese*, these allegations are sufficient to state a Bane Act claim because they allege the requisite excessive force and specific intent.

Accordingly, Defendants motion to dismiss with respect to Bane Act claims is **DENIED**.

### ii.  Assault, Battery, and Negligence Claims

Finally, Defendants seek dismissal of Plaintiff's third cause of action (assault and battery) and fourth cause of action (negligence). Plaintiff opposes. Defendants' arguments rely heavily on their assertion that Defendant Officers acted reasonably during the incident in question. At a trial, a jury may or may not find Defendant Officers acted reasonably. However, at this stage, Plaintiff has pleaded sufficient allegations that, when viewed in a light most favorable to Plaintiff, are more than "[u]nsupported speculations of evil motive," (Doc 6-1 at 19) and could establish "vicarious liability of a public entity when one of its police officers uses excessive force in making an arrest." *Blankenhorn*, 485 F.3d at 488 (9th Cir. 2007).

Accordingly, Defendants motion to dismiss with respect to assault, battery, and negligence claims is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART**. Specifically, the Court **DISMISSES without prejudice** Plaintiff's claims as they relate to 28 U.S.C.§ 2679 and malicious prosecution pursuant to 42 U.S.C. § 1983. The Court also dismisses without prejudice any § 1983 claims against the City of Oceanside and the Oceanside Police Department. Plaintiff may file an amended complaint within **7 days** of the filed date of this Order. Each of Plaintiff's remaining causes of actions are adequately pled. Accordingly, Defendant' motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated: June 24, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge